### THE CITIZENS' BANK OF LOUISIANA *v.* WILLIAM BAILEY.

A party gave four notes payable to his own order, and by him endorsed in blank, and gave a mortgage on certain immovable property to secure their payment; at the maturity he gave four other notes, to represent the old ones, with the express understanding that the new notes should not in any manner operate as a novation of the old notes, or impair the validity of the mortgage by which they were secured. The mortgage contained a stipulation that, in case suit was instituted on the old notes, the holder should receive interest and attorney's fees. A holder of one of the new notes instituted a suit to recover the amount, with interest and attoney s fees, and also asked for the recognition of the mortgage in his favor, and the enforcement thereof :

*Held:*—That the mortgage to secure the payment of the old notes was not to be affected in any manner by the new notes; and that there was no contract of mortgage made to secure the new notes, and the plaintiff could not recover attorney's fees under the stipulation in the mortgage.

APPEAL from the Fourth District Court of New Orleans, *Theard*, J. *Sullivan, Billings & Hughes*, for appellant. *Hyams & Jonas* for appellee.

HYMAN, C. J. On the 4th day of January, 1859, the defendant gave to W. & D. Urquhart four notes, payable to his own order, and by him endorsed in blank, and for the purpose of securing their payment he gave a mortgage on certain property, and agreed therein that should it become necessary to institute legal proceedings for the recovery of the amount of the notes, or any part thereof, he would pay the fees of the attorney whom the holder of the note might employ for such purpose.

On the 7th day of February, 1861, Messrs. W. & D. Urquhart had possession of these notes (they having become due), and defendant gave to them four other notes, to represent the original notes, payable to his own order, and by him endorsed in blank. The agreement was that W. & D. Urquhart should still retain the notes first given, and that the new notes given by defendant should not operate as a novation of the old ones, nor affect nor impair the validity of the mortgage given to secure their payment.

Plaintiff became the owner of one of the said notes given in February, 1861, and brought suit to recover the amount, with interest thereon, and the fees of the attorney employed to institute suit. Plaintiff also asked for the recognition of the mortgage in his favor, and the enforcement thereof.

Defendant answered by a general denial.

The District Judge rendered judgment in favor of plaintiff, condemning defendant to pay the amount of the note, with the interest thereon, fees of the attorney and costs of suit, and decreeing that the mortgage be recognized in favor of plaintiff; that it be enforced, and that the property mortgaged be seized and sold to satisfy the claim of plaintiff.

From this judgment defendant has appealed.

The agreement between W. & D. Urquhart and defendant, in his giving

68

the new notes, was that they should represent the old ones, but not to such an extent that the mortgage should exist to secure the payment of the new notes.

The security by mortgage for the payment of the old notes, was not to be affected in any manner by the new ones. No contract of mortgage was made in giving the new notes.

It is decreed that the judgment of the District Court be annulled and reversed; and it is further decreed that plaintiff recover of defendant the sum of six thousand six hundred and sixty-six dollars and sixty-six cents and two-thirds of a cent, with interest thereon at the rate of eight per cent. per annum, from the 15th day of March, 1862, till paid, and the costs of suit in the District Court.

It is further decreed, that plaintiff pay costs of this appeal.

LABAUVE, J. recused.